IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FREDERICK BANKS, #05711068, | ) | Civ. No. 17-00316 DKW-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION AND |
| | ) | DENYING IN FORMA PAUPERIS |
| vs. | ) | APPLICATION PURSUANT TO 28 |
| | ) | U.S.C. § 1915(g) |
| ADRIAN ROE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Frederick Banks's pleading, "Complaint and For a Writ of Mandamus," and application to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. Banks is confined at the Northeast Ohio Correctional Center awaiting trial in the Western District of Pennsylvania in *United States v. Banks*, Crim. No. 15-00168 (W.D. Pa.). Banks names his defense attorney, Adrian Roe, Esq., U.S. District Judge Mark R. Hornak, U.S. Attorney Soo Song, Assistant U.S. Attorney Robert Cessar, the Federal Bureau of Investigation ("FBI"), FBI Special Agents Sean Langford, Robert Werner, Scott Smith, and Mike Pompeo, and the Central Intelligence Agency ("CIA") as Defendants.

Banks complains that Defendants are delaying his criminal proceedings for the purpose of keeping him unlawfully confined by asserting that he is mentally ill. Banks seeks declaratory relief against Judge Hornak and $55 million in damages. Because this Court lacks jurisdiction over Banks's claims and he may not proceed IFP pursuant to 28 U.S.C. § 1915(g), this action is DISMISSED and Banks's IFP application is DENIED.

## I. LACK OF JURISDICTION

To the extent Banks seeks a writ of mandamus to compel Defendants to expeditiously prosecute his pending criminal proceedings, this Court lacks jurisdiction to do so. While "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, mandamus is not a substitute for an appeal from a decision by a district court. *See Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004). If Banks seeks an order directing the Western District of Pennsylvania to try him forthwith, he must pursue such relief with the Third Circuit Court of Appeals. The Third Circuit has, in fact, already informed Banks that a "writ of mandamus may be used 'to confine an *inferior* court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to

2

do so.'" *In re Banks*, 670 F. App'x 54 (3d Cir. 2016) (quoting *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). In denying Banks's Petition, the Third Circuit stated, "[t]o the extent that Banks alleges that mandamus relief is appropriate in light of the delay in his criminal case while the question of his competency is being determined, we disagree that our intervention is warranted." *Id.* (citing *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996)). The Third Circuit found that the record in Banks's criminal case, at least up to November 2016, showed that "the District Judge and the parties remain engaged in the matter, and the proceedings have remained active in recent months." *Id.* If Banks believes those circumstances have since changed, he must raise his challenge in the Third Circuit Court of Appeals.

The District of Hawaii is not a court "superior" to the Western District of Pennsylvania, cannot sit as a quasi-appellate court over that District Court, and has no jurisdiction or duty to compel the Western District of Pennsylvania, its U.S. Attorney and Assistant U.S. Attorneys, the CIA, the FBI, or their officers to take any action in Banks's pending criminal action.

## II. 28 U.S.C. § 1915(g)

To the extent Banks seeks damages from Defendants for an alleged violation of his civil rights, he is foreclosed from proceeding IFP. A prisoner may not bring

a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, unless he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).   The imminent danger exception only "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Banks has accrued at least three strikes pursuant to 28 U.S.C. § 1915(g).[1]  As the Honorable Patricia A. Gaughan, U.S. District Judge for the Northern District of Ohio, recently observed:

---

[1] *See, e.g.*, *Banks v. Valaluka,* No. 1:15-01935, 2015 WL 7430077, at *1 & n.1 (N.D. Ohio Nov. 18, 2015) (identifying more than two hundred cases Banks has filed that have been dismissed under 28 U.S.C. §§ 1915(e), 1915A(a), or 1915(g)); *Banks v. Cessar*, No. 1:16:-cv-10972-DJC (D. Mass. July 21, 2016) (dismissing under § 1915(g)); *Banks v. Disney*, No. 1:16-cv-00333-BLW (D. Id. Jan. 17, 2017) (dismissing as frivolous); *see also* PACER Case Locator http://pacer.psc.uscourts.gov. (last visit July 17, 2017) (listing more than 500 cases Banks has filed in the federal courts).

4

> Banks is a notorious frequent filer who has had over 205 cases dismissed as frivolous at the pleading stage in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. Of those cases, a third were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), and two thirds were dismissed pursuant to the three strikes provision of 28 U.S.C.§ 1915(g). When courts began to dismiss his civil actions under § 1915(g), Banks attempted to circumvent the statute by filing habeas petitions under 28 U.S.C. § 2241 or petitions for writs of mandamus to assert various civil rights violations.

*Banks v. Valaluka*, 2015 WL 7430077, at *1 (N.D. Ohio Nov. 18, 2015).

It appears that Banks titled his pleading as a "Complaint for a Writ of Mandamus" in an effort to bypass the three strikes bar to his proceeding IFP in this action. Nothing within Banks's pleading suggests that he is in imminent danger of serious physical injury and his IFP application is DENIED.

### III. CONCLUSION

Because this Court lacks jurisdiction over Banks's claims and he may not proceed IFP pursuant to 28 U.S.C. § 1915(g), this action is DISMISSED and Banks's IFP application is DENIED. Any pending motions are DENIED as moot.

The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: July 19, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Frederick Banks v. Adrian Roe, et al.,* Civil No. 17-00316 DKW-RLP; **ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION PURSUANT TO 28 U.S.C. § 1915(g)**

*Banks v. Roe*, 1:17-cv-00316 DKW-RLP; 3 stks 2017 (mand fed pris PA OH lack j)